Pro Se 7 (12/15) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts

| | | |
|---|---|---|
| Olutoyin James Okanlawon, an individual, | ) | Case No. _____ |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) | Jury Trial: *(check one)* ✓ Yes ☐ No |
| -v- | ) | |
| | ) | |
| Brigham & Women's Dept. of Anesthesiology/Partners Healthcare System, Inc., tax-exempt organization under Section 501(c)(3) of Internal Revenue Code | ) ) ) ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Olutoyin James Okanlawon |
   | Street Address | HBS Ludcke House 303 |
   | City and County | Boston and Suffolk |
   | State and Zip Code | MA 02136 |
   | Telephone Number | 8572180603 |
   | E-mail Address | tokanlawon@post.harvard.edu |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (12/15) Complaint for Employment Discrimination

Defendant No. 1
- Name: Brigham & Women's Hospital/Partners Healthcare Inc.
- Job or Title (if known): Department of Anesthesiology, Perioperative & Pain Medicine
- Street Address: 75 Francis Street
- City and County: Boston and Suffolk
- State and Zip Code: MA 02115
- Telephone Number: (617) 732-8218
- E-mail Address (if known):

Defendant No. 2
- Name: Robert Lekowski
- Job or Title (if known): Program Director - Dept. of Anesthesiology, Perioperative & Pain M
- Street Address: 75 Francis Street
- City and County: Boston and Suffolk
- State and Zip Code: MA 02115
- Telephone Number: (617) 732-8218
- E-mail Address (if known): rlekowski@partners.org

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Brigham & Women's Hospital/Department of Anesthesiology, Perio|
| Street Address | 75 Francis Street |
| City and County | Boston and Suffolk |
| State and Zip Code | MA 02115 |
| Telephone Number | (617) 732-8218 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (12/15) Complaint for Employment Discrimination

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☐ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
6/4/2014 - present

C. I believe that defendant(s) *(check one)*:
- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(Only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*
  Attention deficit hyperactivity disorder

E. The facts of my case are as follows. Attach additional pages if needed.
see attached pages

Page 4 of 6

Pro Se 7 (12/15) Complaint for Employment Discrimination

_____
_____
_____
_____
_____

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV. **Exhaustion of Federal Administrative Remedies**

   A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

   12/23/2015

   B. The Equal Employment Opportunity Commission (check one):

   ☐ has not issued a Notice of Right to Sue letter.

   ☑ issued a Notice of Right to Sue letter, which I received on *(date)* 05/15/2016 .

   *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

   C. Only litigants alleging age discrimination must answer this question.

   Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

   ☐ 60 days or more have elapsed.
   ☐ less than 60 days have elapsed.

V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

reinstatement into training program or equal alternative

all monetary damaged to which I am entitled to, including loss of employment at present day market value

long term disability payments afforded by misfiling of insurance claims, healthcare fees, and attorney fees

Pro Se 7 (12/15) Complaint for Employment Discrimination

_____
_____
_____

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: [signature]

Signature of Plaintiff
Printed Name of Plaintiff    Olutoyin Okanlawon

### B. For Attorneys

Date of signing: _____

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

Plaintiff Olutoyin J. Okanlawon alleges as follows:

## I. INTRODUCTION

1. This is an action brought by Plaintiff Olutoyin J. Okanlawon ("Okanlawon") against Brigham and Women's Hospital Dept. of Anesthesiology ("BWHC"), Partners Healthcare System Inc., (PHCS), and Robert Lekowski ("Lekowski"), hereinafter referred to collectively as "Defendants."
Through misconceptions, denial of due process, failure to act in good faith, and inability to adhere to rights afforded under the American with Disability Act of 1990 (ADA), the defendants have wrongfully terminated the plaintiff from his residency training program and effectively prevented him from pursuing a career in a top-tier anesthesiology program.

## II. PARTIES

2. Olutoyin J. Okanlawon ("Okanlawon") is a U.S. citizen who resides in Massachusetts.

3. Brigham and Women's Hospital Dept. of Anesthesiology ("BWH") is a physician-led specialty department comprised of Harvard Medical School appointed faculty (attending physicians), resident trainees, fellows, and staff.

4. Partners Healthcare System Inc., (PHCS) Partners HealthCare System, Inc. (PHCS) is the sole member of The Massachusetts General Hospital (MGH), Brigham and Women's Health Care, Inc. (BWHC), NSMC HealthCare, Inc. (NSMC), Newton-Wellesley Health Care System, Inc. (NWHCS), Partners Continuing Care, Inc. (PCC) and Partners International Medical Services, LLC (PIMS).

5. Robert Lekowski ("Lekowski") is program director of BWH anesthesiology department, where he supervises the hiring process, clinical and personal development, and if needed, the remediation/disciplinary process of all resident physician trainees. Ultimate employment decisions of trainees are directly within his purview.

## III. OKANLAWON TENURE IN TRANING PROGRAM

6. Okanlawon entered a 3-year residency training in anesthesiology at BWHC on July 1, 2012.

7. On June 4, 2014, plaintiff was relieved of clinical duties and recommended to be evaluated by the Massachusetts state physician health program, or Physician Health Service (PHS). PHS is a non-profit corporation founded by the Massachusetts Medical Society to address health issues related to physicians (e.g. attending physicians, resident trainees, and medical students), and supervises assessments and monitoring for physicians in need. PHS does not provide any medical treatments and evaluations but does provide recommendations to third parties and facilities that participate in these services. In turn, after receiving evaluations from third parties, PHS makes recommendations to a medical training program or employer about a physician's ability to resume work.

8. The decision to refer plaintiff was rendered after a one week root cause analysis following an adverse patient event that concluded that plaintiff, independent of others on the care team (including supervisors), may have contributed to the poor outcome. Leading up to the seminal event, faculty physician

("attendings") evaluations over previous several months were frequently positive, with sporadic constructive comments pointing to plaintiff's lack of vigilance, prioritization, inability to adapt to rapid changes, hyperfocusing, and distractibility, and other signs. Up until referral to PHS, plaintiff was not evaluated for psychiatric, situational stress and other challenges that were affecting his performance at work, despite his verbal communication to program director and leadership that he does not "feel right," and leading to a request for a self-imposed leave of absence in March 2014. Plaintiff decided not to take leave under the Family and Medical Leave Act as program director informed him that he would not be able to receive any pay during this period, and he is the sole provider for his dependents, his mother and sister.

9. Okanlawon's tenure at the defendant, Brigham and Women's Hospital/Partners Healthcare, Department of Anesthesiology, Perioperative & Pain Medicine on October 31, 2015 without being provided reasonable accommodations for his documented disability.

IV.    **OKANLAWON EVALUATION AND FITNESS OF DUTY**

10. Plaintiff underwent PHS initial recommendations which included: 1) assignment to an associate director of PHS 2) therapy with an independent licensed psychiatrist capable of monitoring plaintiff's progress 3) an independent well-being evaluation done by a recommended list of centers.

11. Plaintiff was officially diagnosed with ADHD and medication treatment (i.e. methylphenidate) was titrated to the desired effect where cognitive functioning could be determined.

12. Evaluator recommended that ideally plaintiff can return on a probationary status to training program with the defendant, but must be done in a didactic shadowing capacity especially given the length of the leave of absence (10+ months), the technical demands of the specialty, and the patient safety issues that were raised considering performance.

13. This was designed and communicated to the defendant as such, to be a temporary step, wherein the program director, staff, and clinical competency committee could review plaintiff's interpersonal and clinical abilities in a safe controlled environment and develop an appropriate plan for restoration of before full privileges should be restored. The plaintiff, a newly diagnosed physician with ADHD, would need to enter a formalized program moving forward to make a successful return to residency training.

14. Plaintiff entered a provisional agreement with PHS to sign a Behavioral Monitoring Contract including starting medication therapy alongside individual and group counseling and continued intensive outpatient counseling all delineated by the monitoring contract.

15. On 4/29/2015, PHS sent a formal letter detailing this recommendation to the defendant including the guidance for the defendant, and the plaintiff's continued medication and counseling as part of behavioral monitoring contract.

16. The defendant claimed inability to accommodate a stepwise request even though its partner institution with similar staffing, resources, and patient workload had made accommodations in the past.

17. The plaintiff contacted the defendant wanting to discuss diagnosis and recommendations from PHS evaluation.

18. The defendants, specifically the program director for the training program, Lekowski, stated that he will need to speak with PHS and Brigham legal counsel before formally commenting on the situation.

19. On 6/30/15, the defendant presented plaintiff with a termination letter which also described significant events that led to this ultimate decision to terminate employment October 31, 2015, four months after date plaintiff was notified, per Partners Healthcare policy.

20. Defendants claimed that the length of time away from the training program was unexpectedly long and the plaintiff was still under evaluation.

21. Plaintiff reminded Lekowski that he was told by the residency clinical competency committee that after PHS grants permission to return to program and leave of absence concludes, his position (i.e. PGY year) will be evaluated based on new findings and he would likely be placed on probationary status, the same recommendation made by Acumen Institute. Okanlawon reminded defendants that with his new diagnosis of ADHD, his evaluating team has cleared his fitness to return to the program but does not want him to proceed with safeguards in place.

22. The plaintiff reviewed the letter and expressed verbally to the defendant at the conclusion of the 60-minute meeting that there were inaccurate statements about his behavior and the events listed, which were collectively used to support defendant's decision for termination (this was also outlined in an email after the meeting).

23. The plaintiff requested a review of events presented in the termination letter as "factual evidence" yet were inaccurate and asked the defendant to clarify statements on reasons for termination. Additionally, plaintiff, verbally requested a hearing to review the said claims and decision, to which defendant said, "there was nothing that can be done at this point." The plaintiff contends that actions taken by the defendant were in violation of the "graduate trainee adverse action process" guidelines." [Specifically, there was no notification of the right for the plaintiff to have a hearing procedure or appellate review even though plaintiff inquired. The plaintiff was denied due process or a hearing to appeal employment decision to terminate but rather was directed to the Defendant's Human Resources Department to discuss possible employee benefits options related to disability.]

V.     **MISHANDLING OF RESIDENT TRAINEE BENEFITS**

24. The plaintiff was eligible to take disability however his employer did not follow protocol for notifying the responsible parties based on temporary leave of resident trainees. Both defendant and plaintiff did not file the required forms in time, and this ultimately led to being ineligible for disability which would have helped to offset costs of PHS follow-up evaluation and later legal counsel fees.

25. The plaintiff reached out to the benefits office 7/2015 and was told that he should file a claim within the next 3 months if possible, but that he had up to 1 year from when the hospital filed the claim in June 2015. The defendants filed employer notification forms to the disability company about the plaintiff late, beyond the 1 year deadline from the last day of work. Partners HR representative, said, "After more than 20 years after doing this job, I never seen such a bizarre situation where protocol was followed so incorrectly."

26. For this reason of delayed filing of forms, a mistake in filing from the defendant, and plaintiff's failed efforts to communicate with Partners and the disability insurance company about his adherence to an erroneous deadline given by the defendant, the plaintiff's claim for disability payout, part of which was the responsibility of the defendant, was rejected.

## VI. CONCLUSION

27. For physicians to practice independently, serve patients, and have a livelihood, they are required to graduate from medical school and complete a residency training in a medical specialty in accordance with guidelines set by the Accreditation Council for Graduate Medical Education.

28. The Plaintiff contends that terminating residency employment effectively concluded his ability to pursue another residency position in anesthesiology elsewhere because he would need to notify prospective programs of the reasons why his position was terminated and needed to have a letter of recommendation from program director.

29. As direct and proximate result, Okanlawon may continue to suffer further loss of wages, punitive damages, and emotional distress.

_[signature]_
Olutoyin Okanlawon
8/11/2016